### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

Rodney O. Scott,

      Plaintiff,

v.                                  Civil Case No.  2:17 CV-00176 RAJ/LAL

Michael L. Brewer, Chief of Police of
      Virginia Port Authority, et al.,

      Defendants.

## INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1624's
## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SERVICE AND MOTION TO DISMISS

Defendant, International Longshoremen's Association Local 1624, AFL-CIO ("Local 1624" or the "Local,") by counsel and by special appearance without submitting to the jurisdiction of this Court, pursuant to Rules 4(m), 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure, moves this Honorable Court for an order quashing service of process against it as insufficient (Doc. 53 through Doc. 56); declaring the Court lacks personal jurisdiction over Defendant Local 1624; and dismissing the Amended Complaint (Doc. 52) filed against Local 1624.  In support of its request, Local 1624 states as follows:

### FACTS

1.      On March 31, 2017, Plaintiff Rodney O. Scott initiated this action by filing a Complaint against Virginia Port Authority, Michael L. Brewer, Chief of Police of Virginia

Port Authority; Virginia International Terminals, Inc. and Hampton Roads Shipping Association. (Doc. 1).   The Complaint did not include as a party Local 1624.

2.      The Court's docket indicates that following the filing of the Complaint, Defendants filed a series of responsive pleadings including various motions to dismiss.  In Plaintiff's memoranda in opposition, he moved for leave to file an amended complaint to address Defendants' allegations in their motions and memoranda in support.  The Court by its Order dated September 8, 2017 granted Plaintiff's request for leave to file an amended complaint by September 15, 2017 and later extended the time to September 17, 2017.

3.      Plaintiff filed the Amended Complaint (Doc. 32) on September 17, 2017.  The Complaint omitted Virginia Port Authority as a defendant and added Local 1624 as a defendant.

4.      On December 12, 2017, nearly three months later, Plaintiff Rodney O.  Scott requested the Clerk issue a summons to Local 1624 at 1355 International Terminal Boulevard, Suite 201, Norfolk, Virginia for service of the Amended Complaint.  (Doc.53)

5.      The Return of Summons (Doc. 56) states that on December 14, 2017, the Summons was left with Ms. Paulette Brown at the business address at 1355 International Terminal Boulevard, Suite 201, Norfolk, Virginia.  The return states Ms. Brown "resides" there even though the address is that of a business.  The return further states a copy of the Summons was mailed to Local 1624 "at its last usual address."

6.      The business located at 1355 International Terminal Boulevard, Suite 201, Norfolk, Virginia, the office listed in the Summons and Return, is the office of International Longshoremen's Association Hampton Roads District Council ("HRDC").  Paulette Brown

is merely the receptionist employed by HRDC and has no affiliation with Local 1624.  The offices of Local 1624 are not located at 1355 International Terminal Boulevard, Suite 201, Norfolk, Virginia nor have they ever been located there.  Local 1624 does not have an office there, has no employees there and does not receive mail there.  No one at that office is empowered or authorized to accept service on behalf of Local 1624 nor are they under an obligation to forward any document inadvertently delivered there within any particular period of time, or at all.

7.     The union hall and business office of Local 1624 is located in downtown Norfolk at 500 East Main Street, Suite 404, Norfolk, Virginia.  The Local conducts its official business from the Main Street address.  The business includes:

a.   All official records of the Local and its members are maintained in the office;

b.   The Main Street address is the Local's official address on all business records;

c.   The Local's officers' business offices are located there, from which they work and perform their duties on behalf of the members of  the Local;

d.   The Local's receptionist/secretary sits in its reception area; she is authorized to accept service of process on behalf of the Local;

e.   The Local sends and receives all mail from its office;

f.   The Local conducts its meetings, including its Executive Board meetings, in its conference room at that location;

g.   The union officials meet with it members and visitors in the office;

h.   The Treasurer maintains its accounts on premises and handles the Local's

financial affairs;

i.   The office maintains regular business hours at that address; and

j.   The dispatcher in that office maintains the call board through which Mr.

Scott and all other Local 1624 members obtain daily work assignments.

8.     On a date late in December but just before the Christmas holiday, Local 1624

was informed someone had left paperwork for Local 1624 at the HRDC office.  Local 1624

then obtained from the HRDC office a copy of the Summons.  On that date, Local 1624 saw

the Summons for the first time.  Because of the holiday season, the union offices,

professional offices and the court were closed many days or otherwise working on a limited

schedule and decision makers were away for the holidays.  The ability to obtain assistance of

counsel was hindered.

9.     Service was never affected against Local 1624.  It has never been served with

the Summons nor did the Local receive a copy of the Summons or Amended Complaint in

the mail from the process server.  If the process server mailed a copy as represented in the

Return, it is likely she failed to mail it to the appropriate – and only – business address of the

Local.

<u>ARGUMENT</u>

Fed.R.Civ.Pro. 4(m) requires service of a Complaint within 90 days of the date of its

filing or face possible dismissal.  As of this date and time, more than the requisite 90 days

have passed since the date the Amended Complaint was filed and Local 1624 has not been

served.  Plaintiff failed to comply with the requirement of Rule 4(m) and his Complaint against Local 1624 should be dismissed.

The Amended Complaint was filed September 16, 2017.  Accordingly, Rule 4(m) required Plaintiff to affect valid service of the Complaint on Defendant Local 1624 no later than December 16, 2017.  Plaintiff made no attempt to serve the Local in its own office where it regularly conducts business day in and day out.

The smallest exercise of due diligence would have yielded the address for service upon Local 1624 at the office where it regularly conducts its business.  Local 1624 employs on-site personnel who are capable of and responsible for accepting service on behalf of the Local.  They are trained and responsible for ensuring their union officials are aware of any document delivered to the Local and could, thus, protect the interests of the Local and its members.

Plaintiff has been a long-time member of the Local and is or should be aware of the address of his union hall and offices.  Moreover, the exact address of the Local's office is prominently listed and easily accessible on the top of the home page of its website (https://www.ilalocal1624.com/about/location/) and on the world wide web; is listed in numerous public records, including those of the City of Norfolk and the U.S. Department of Labor; is on the Local's stationery on correspondence from the Local or its officials.  The address of the Local is readily and easily obtainable by Mr. Scott so he could properly accomplish service but he failed to do so.   Instead, Local 1624 only obtained a copy of the documents by happenstance.

*Rodney O. Scott v. Michael Brewer, Chief of Police of Virginia Port Authority*
Civil Case No.  2:17 CV-00176
Motion to Dismiss

Rule 4(m) states in part

> *Time Limit for Service*.  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) makes it clear plaintiff must accomplish service of the complaint within 90 days of filing the complaint or face possible dismissal.  The Court is clearly empowered by Rule 4(m) to dismiss the case in the event the deadline is not met.  Even if the Court looks for an excuse for the failure to timely serve the complaint – a saving clause in Rule 4(m) – the Court will find none.  In this case, Plaintiff will be unable to make a showing of good cause for his failure to serve timely Local 1624 and his lack of diligence and reasonable effort.

In order to give full force and effect to the Rule and in order for the court to extend the time to serve for an "appropriate period", there must be a showing of good cause. Hoffman v. Baltimore Police Dep't.,379 F.Supp.2d 778, 786 (D.Md.2005)("the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.")

He cannot show good cause for his failure to serve Local 1624 within the time allotted.   Mr. Scott was fully aware of the actual identity of the local union of which he has been a member for decades and was presumably aware of the address of his own union hall. The exact street address of the Local was easily ascertainable via the website, a phone call, the internet, public filings, or the Local's stationery and business cards.  This is not a case of

a corporate shell game; Local 1624 has been in existence in Norfolk for over 75 years responsible for the receipt and delivery of containers and chassis in the Ports of Hampton Roads.  It is visible and easily found by anyone who looks for it, especially its members.

The Amended Complaint should be dismissed because the delay in service against Local 1624 prejudiced its ability to present an appropriate defense.  To date, 53 pleadings appear on the Court's docket for this action. All other parties are well on their way in their investigation of the facts and briefing of the law applicable to the case, which has been pending for nearly a year.  Mr. Scott's union did not have the same opportunity, to its great detriment and extreme prejudice.

Unquestionably, accurate and timely service of process is necessary to provide defendants with adequate notice so they may address the allegations against them.  It is clear from the law of this district that actual notice does not cure defects in service.  Notice of an adversary proceeding received by means other than those authorized by statute or rule cannot serve to bring defendant within the Court's jurisdiction.  <u>Sullivan v. Hall</u>, 222 Bankr. 275 (Bankr. E.D.Va. 1998). Therefore, the fact that Local 1624 obtained from another source a copy of the Summons and Amended Complaint after the time for service expired does not equate to proper service nor does it provide this Court with personal jurisdiction over Local 1624.  <u>Sullivan</u> at 277.

Rule 12(b) of the Fed.R.Civ.Pro. provides that certain defenses may be asserted in a motion prior to filing other responsive pleadings.   In this case, the Court lacks personal jurisdiction over Defendant International Longshoremen's Association Local 1624 in view of the fact Local 1624 was never served.  Service attempted upon the Defendant was deficient

and was never accomplished.  Fundamental fairness dictates the service be quashed as ineffective and insufficient.  Therefore, the Court should dismiss the Amended Complaint against Local 1624 pursuant to Rule 12(b)(2) for lack of personal jurisdiction and pursuant to Rules 12(b)(4) and (5) for insufficient process and insufficient service of process, respectively, and for failure to serve the Amended Complaint within the parameters required by  Rule 4(m).

<u>CONCLUSION</u>

Accordingly, Local 1624 requests the Court issue an order (1) quashing service of process against it as insufficient, (2) declaring the Court lacks personal jurisdiction over Defendant Local 1624; and (3) dismissing the Amended Complaint (Doc. 52) filed against Local 1624.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1624, AFL-CIO**

_/s/ Deborah C. Waters_
Deborah C. Waters, Esquire
Virginia State Bar # 28913
dwaters@waterslawva.com
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA 23510
Telephone: (757) 446-1434
Facsimile:  (757) 446-1438
_Counsel    for    International    Longshoremen's_
_Association Local 1624, AFL-CIO_

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2018, I filed the foregoing document via the Court's ECF system which will transmit a copy to the following counsel of record:

W. Marcus Scriven, Esquire
Scriven Law Office
One Columbus Center, Suite 600
Virginia Beach, VA  23462

Dean T. Buckius, Esquire
Vandeventer Black LP
World Trade Center
101 West Main Street, Suite 500
Norfolk, VA 23510

Christian Parrish, Esquire
Assistant Attorney General
William Fiske
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA   23219

/s/ Deborah C. Waters
Deborah C. Waters, Esquire
Virginia State Bar # 28913
dwaters@waterslawva.com
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA 23510
Telephone: (757) 446-1434
Facsimile:  (757) 446-1438