

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RODNEY O. SCOTT,

    Plaintiff,

v.                                                         CIVIL ACTION NO. 2:17cv176

VIRGINIA PORT AUTHORITY, *et al.*,

    Defendant.

*MEMORANDUM ORDER*

This matter is before the Court on motions to dismiss filed by defendants Virginia International Terminals, LLC ("VIT"), ECF No. 37; Michael L. Brewer ("Brewer"), ECF No. 35; Hampton Roads Shipping Association ("HRSA"), ECF No. 39; and International Longshoremen's Association, Local 1624 ("Local 1624"), ECF No. 61; a motion to quash filed by Local 1624, ECF No. 58; and a request for entry of default against Local 1624 filed by plaintiff, Rodney O. Scott ("Scott"), ECF No. 60. The motions to dismiss filed by VIT, Brewer, and HRSA were referred to the Magistrate Judge on October 23, 2017. The motion to dismiss filed by Local 1624, motion to quash filed by Local 1624, and Scott's request for entry of default were referred to the Magistrate Judge on February 5, 2018.

## I. FACTUAL AND PROCEDURAL HISTORY

The procedural and factual history of this is case is intricate and extensive, and the United States Magistrate Judge detailed it thoroughly. On June 16, 2016, Plaintiff filed formal charges of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act against Virginia Port Authority

1

("VPA") in the Hampton Roads area of Virginia. ECF No. 32 at Ex. 1. On September 6, 2016, Plaintiff filed an amended charge of discrimination with the EEOC against VIT and VPA. *Id.* at Ex. 2.

On March 31, 2017, Scott filed a complaint against VIT, the HRSA, the VPA, and Brewer. ECF No. 1. On April 25, 2017, HRSA filed a motion to dismiss, ECF No. 7; VIT filed a motion to dismiss, ECF No. 9; and Brewer and the VPA filed a joint motion to dismiss, ECF No. 14. Plaintiff responded to these motions on May 11 and 12, 2017. ECF Nos. 20-22. Plaintiff asked for leave to amend his complaint. ECF No. 20 at 15; ECF No. 21 at 9-10; ECF No. 22 at 7. The Court granted Plaintiff's request to amend on September 8, 2017, ECF No. 30, and denied the motions to dismiss as moot on October 6, 2017, ECF No. 41. On September 17, 2017, Plaintiff filed an amended complaint. ECF No. 32. In his amended complaint, Plaintiff no longer names the VPA as a defendant, but now names Local 1624 as a defendant. *Id.* Plaintiff did not properly serve Local 1624 with the amended complaint. *See* ECF No. 56.

On January 7, 2018, Local 1624 made a special appearance and filed a motion to quash service of process and motion to dismiss the complaint. ECF Nos. 58-59, 61-62. On January 8, 2018, Plaintiff filed a request for default against Local 1624, claiming that Local 1624 had not answered his complaint within 21 days of receiving service of process. ECF No. 60. Local 1624 filed a Response on January 15, 2018. ECF No. 63. On January 23, 2018, Plaintiff filed a Response to the motion to quash and motion to dismiss, and support for his request for an entry of default. ECF No. 64. Local 1624 filed a Reply on February 1, 2018. ECF No. 67.

As mentioned above, on October 23, 2017, and February 5, 2018, the Court entered two Orders referring these actions to United States Magistrate Judge Robert J. Krask ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable,

2

recommendations for disposition of motions to dismiss filed by VIT, Brewer, HRSA, and Local 1624; Local 1624's motion to quash; and Plaintiff's request for entry of default. On February 7, 2018, Magistrate Judge Krask filed his Report and Recommendation ("Report") in which he recommended that VIT's motion to dismiss be **GRANTED** and that count two be dismissed with prejudice, and count five be dismissed without prejudice; Brewer's motion to dismiss be **GRANTED in part and DENIED in part** and count one be dismissed with prejudice as against Brewer in his individual capacity; HRSA's motion to dismiss be **GRANTED** and count four be dismissed with prejudice; Local 1624's motion to dismiss and motion to quash be **GRANTED** and count three be dismissed without prejudice; and Plaintiff's request for entry of default be **DENIED**. ECF No. 69. On February 21, 2018, Plaintiff filed Objections to the Magistrate Judge's Report. ECF No. 72. On March 6, 2018, VIT filed a Response. ECF No. 73. On March 6, 2018, HRSA filed a Response. ECF No. 74. On March 6, 2018, Brewer filed a Response. ECF No. 75. On March 7, 2018, Local 1624 filed a Response. ECF No. 76. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "*de novo*" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . ."); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Plaintiff raises six objections to the Magistrate Judge's Report: 1) Plaintiff contends that the Report incorrectly denied Plaintiff's request for entry of default against Local 1624; 2) Plaintiff objects to the Magistrate Judge's finding that Plaintiff's claim of discriminatory wrongful termination of his employment based on the ground that a hybrid claim is barred by the statute of limitations; 3) Plaintiff objects to the Report finding that Plaintiff's claim that Local 1624 failed to comply with its duty of fair representation regarding the discriminatory wrongful termination of his employment by VIT is barred by the statute of limitations for a hybrid claim; 4) Plaintiff objects to the finding that he may not maintain an action against Brewer in his individual capacity for damages but may maintain an action for injunctive relief against Brewer in his official capacity; 5) Plaintiff objects to the finding that he does not have a property interest in his badge or credentials and granting the motion to dismiss on this claim; and 6) Plaintiff objects to the finding that Plaintiff does not have a plausible claim against HRSA and its Port Number Review Committee in count four of the amended complaint because they were not employers of Plaintiff.

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2009). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

The Court has reviewed all of Plaintiff's aforementioned objections to the Magistrate Judge's Report. Based on a *de novo* review of the filings and the Report, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The Report supports all factual findings and this Court finds Plaintiff's objections are without merit. Plaintiff's objections fail to provide the Court with specific objections that target particular errors found in the Report. *See Orpiano*, 687 F.2d at 47. Plaintiff's objections are general restatements of facts and arguments that the Magistrate Judge already took into consideration when making its findings and recommendations to this Court. *Id.* Accordingly, the Court finds that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's Report.

Also in Plaintiff's objections to the Report, Plaintiff requests that the Court grant Plaintiff leave of Court to serve Local 1624 the amended complaint. The Report properly states that Plaintiff has not provided good cause for the Court to extend the time of service, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, so Plaintiff can properly serve Local 1624 the amended complaint. ECF No. 69 at 43-44; *see* Fed. R. Civ. P. 4(m). The Court denies Plaintiff's request because the Court finds that Plaintiff has not provided any basis or legal support to warrant an extension of time.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the Magistrate Judge's Report, the Court does

hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on February 7, 2018. Specifically, VIT's motion to dismiss is **GRANTED** and count two is dismissed with prejudice, and count five is dismissed without prejudice; Brewer's motion to dismiss is **GRANTED in part and DENIED in part** and count one is dismissed with prejudice as against Brewer in his individual capacity; HRSA's motion to dismiss is **GRANTED** and count four is dismissed with prejudice; Local 1624's motion to dismiss and motion to quash are **GRANTED** and count three is dismissed without prejudice, and Plaintiff's request for entry of default is **DENIED**. Plaintiff's additional request for leave of Court for an extension to serve Local 1624 the amended complaint is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 27, 2018

Raymond A. Jackson
United States District Judge